IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMER NOE ARRAIZA-RAMOS,

     Petitioner,

v.                                        No. 2:26-cv-0861-KG-GJF

PAMELA BONDI, Attorney General of the United States;
SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field
Office Director, Immigration and Customs Enforcement;
TODD LYONS, Acting Director of Immigration and
Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]

ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico and is proceeding *pro se*. Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis (Doc. 2) (IFP Motion). It appears Petitioner is unable to prepay the $5.00 habeas filing fee. The Court will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused from prepaying the filing fee.

Petitioner states he has been in immigration custody since November 15, 2025; he received a removal order on January 29, 2026; he appealed the removal order to the Board of

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Immigration Appeals on February 26, 2026; and the appeal is pending.   (Doc. 1) at 2-4.   He further states he has not received an individualized bond hearing before an Immigration Judge. *Id.* at 6.   Petitioner seeks immediate release from custody or an individualized bond hearing. *Id.* at 7.

Having conducted an initial review of the Petition, the Court finds the alleged facts raise a colorable claim for relief.   Petitioner alleges he has not been provided a bond hearing under 8 U.S.C. § 1226, and it does not appear that he is being detained pursuant to a final order of removal.   *See Garcia Sanchez v. Noem, et al.*, 25-cv-1219 KG/JFR (concluding petitioner was detained pursuant to 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.) (Gonzales, J.) (same); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.) (same).

The Clerk's Office has electronically served a copy of the petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   *See* (Doc. 3).   The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition within ten (10) business

days of entry of this Order and show cause why the requested relief should not be granted;

2.  If Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed;

3.  Petitioner's Motion to Proceed In Forma Pauperis (Doc. 2) is GRANTED; and

4.  The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.