IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMER NOE ARRAIZA-RAMOS,

     Petitioner,

v.                                       No. 2:26-cv-00861-KG-GJF

MARY DE ANDA-YBARRA, et al.,

     Respondents.

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter is before the Court on Petitioner Wilmer Noe Arraiza-Ramos's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1.  Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Guatemala, entered the United States without inspection in March 2005.  Doc. 9 at 1.  He is married to a citizen of Honduras; the couple have two children who are United States citizens, and one child who is a citizen of Honduras.  *Id.* at 1, 30. Petitioner was detained on November 15, 2025.  Doc. 1 at 6.  On January 29, 2026, an Immigration Judge ordered Petitioner removed to Guatemala.  Doc. 7-1.  Petitioner appealed the decision to the Board of Immigration Appeals.  Doc. 7 at 1.  His appeal is currently pending.  *Id.*

Petitioner challenges his continued detention, arguing that he has been detained without an individualized bond hearing in violation of the Fifth Amendment's Due Process Clause.  Doc. 1 at 6.  The Government argues that because Petitioner was ordered removed, Petitioner's detention is now governed by 8 U.S.C. § 1231 and is therefore mandatory.  Doc. 7 at 2.

1

## II.      Standard of Review

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     Analysis

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention; (B) Petitioner's detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment; and (C) release is warranted.

### A.      *Petitioner's detainment is governed by § 1226.*

Petitioner's detention is governed by § 1226, not § 1231 as the Government contends. Under the INA, when a noncitizen is subject to a final removal order, their detention is no longer authorized by § 1225 or § 1226, but by § 1231.  *See Jennings v. Rodriguez*, 583 U.S. 281, 298, 302 (2018); *see also Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025) ("Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."). An order of removal becomes administratively final upon either (1) "a determination by the Board of Immigration Appeals affirming such order," or (2) "the expiration of the period" in which the noncitizen may appeal the order.  8 U.S.C. § 1101(a)(47)(B); *see also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

Here, although an Immigration Judge has issued a removal order, that order is not administratively final because Petitioner's appeal remains pending before the BIA.  Doc. 1 at 3; Doc. 7 at 1.  Thus, in the absence of a final removal order, § 1231 does not govern Petitioner's detention.

Instead, Petitioner's detention is governed by § 1226(a).  Section 1226 "applies to [noncitizens] already present in the United States." *Jennings*, 583 U.S. at 303.  Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here."[1]  *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted).  In this case, Petitioner has lived in the United States since March 2005.  Doc. 9 at 1.  At the time of his arrest in November 2025, Petitioner had been present in the United States for two decades.  Accordingly, § 1226(a) authorizes Petitioner's detention.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a

---

[1]There is currently a circuit split on this issue.  The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026).  The Fifth and Eighth Circuits have reached the opposite conclusion.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  The Tenth Circuit has not yet addressed the question.

right—to an individualized bond hearing." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Petitioner's continued detention without such review "constitutes an ongoing violation of [his]

right to due process." *Id.*

### C.    The proper remedy is release.

The Court next turns to the appropriate remedy.  Federal courts are authorized under

§ 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad

discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012);

*see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court

"possesses power to grant *any form of relief necessary* to satisfy the requirement of justice")

(emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v.*

*Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to

articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v.*

*Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at

*1 (D. Colo.) (same).

### III.    Conclusion

Because the Court grants Petitioner's release under the INA and the Due Process Claim,

it declines to consider Petitioner's remaining claims.  The Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall

   release Petitioner within 24 hours of this Order.  The Government shall not impose any

   new conditions of release beyond those in place prior to Petitioner's detention.

2. Before Petitioner's removal order becomes final, the Government may not redetain him

   absent a predetention hearing before a neutral Immigration Judge at which the

   Government must establish, by clear and convincing evidence, that he poses a danger or

   flight risk.  This Order does not affect the Government's ability to detain Petitioner once

his removal order becomes final—at that point, his detention is governed by the mandatory detention provision of § 1231.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.